GREEN, Judge,
delivered the opinion of the court:
The plaintiffs bring this action against the defendant to recover money alleged to have been deposited with the United States Shipping Board or the Fleet Corporation for the purpose of managing, operating, and affreighting certain vessels belonging to the United States under .an agreement with the United States Shipping Board and the Fleet Corporation. The defendant specially pleads that the court is without jurisdiction to permit the filing, or presentation of the claims contained in the petition for the reason that each and every claim set out therein is one in respect to which the petitioners, at the time of filing the petition, had pending and still have pending in the United States District Court for the District of Columbia in a suit against the United States Shipping Board, the United States Shipping Board Merchant Fleet Corporation, and other parties, which at the time when the cause of action alleged in said suit arose were in respect thereto acting and professing to act mediately and immediately under the authority of the United States. The defendant therefore asks that the petition be dismissed.
The defendant’s plea to the jurisdiction is based upon Section 154 of the Judicial Code (28 U. S. C. A., sec. 260, p. 71) which reads as follows:
No person shall file or prosecute in the Court of Claims, or in the Supreme Court on appeal therefrom, any claim for or in respect to which he or any assignee of his has pending in any other court any suit or process against any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, mediately or immediately, under the authority of the United States.
In support of its plea the defendant presents a copy of the petition filed by plaintiffs in the District Court for the District of Columbia. Since the filing of this petition it appears that the District Court for the District of Columbia sustained a motion to dismiss the case there pending against all defendants except the Fleet Corporation. From the refusal to dismiss as to the Fleet Corporation, the defendant took a special appeal which has not yet been decided.
*634 The argument of the defendant in support of its plea rests largely upon a showing that the petitions in the two cases are substantially identical. Both petitions allege that the United States Shipping Board was an agency of the United States, that the United States Shipping Board Merchant Fleet Corporation is a corporation organized under and existing by virtue of the laws of the District of Columbia, formerly known as the United States Shipping Board Emergency Fleet Corporation, and it is urged by defendant that both the United States Shipping Board and the Fleet Corporation were agents of the United States and, being such, were acting under the authority of the United States.
An examination of the petitions shows that different defendants are sued in the respective cases and, as we think, upon different grounds. In the case pending in this court, although there is no allegation that the Fleet Corporation was acting as agent for the United States, it is obvious that there can be no recovery against the defendant unless such agency is established by the evidence. In the case pending in the District Court, if it should appear that the Fleet Corporation was acting merely as agent for the Government, plaintiffs’ action must fail. Their suit is against the Fleet Corporation in its corporate capacity alone, not against it as an agent. That the Fleet Corporation could be sued in this capacity in its own behalf has been held or indicated by the courts in so many cases that we do not deem it necessary to cite them. It may be that if and when the case in the District Court is tried the evidence will show that the Emergency Fleet Corporation was in fact acting as an agent of the United States and necessarily professing to act under its authority, but the question now before the court must be determined upon the pleadings and not upon what the evidence may show. The petition does not allege that the cause of action arose against a person acting or professing to act under the authority of the United States, nor does it appear that such person could act only under the authority of the United States. The suit being for over $10,000, the ruling of the District Court in refusing to dismiss the case against the Fleet Corporation would seem to be in line with what we have said above. As the record now stands, the cause of *635 action in tbe District Court is not one that arose against a person who was at the time acting or professing to act under the authority of the United States, and the plea to the jurisdiction must be overruled. It is so ordered.
Williams, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
WhitakeR, Judge, took no part in the decision of this case.